[No. E036896. Fourth Dist., Div. Two. Jan. 30, 2006.]

GLORIA HEALY, Cross-complainant and Respondent, v.
TUSCANY HILLS LANDSCAPE & RECREATION CORPORATION,
Cross-defendant and Appellant.

COUNSEL

Neuland, Nordberg, Andrews & Whitney, Daniel A. Nordberg, Cynthia M. Hererra and Kumar Raja for Cross-defendant and Appellant.

Kahdeman, Nickel & Frost and Richard J. Kahdeman for Cross-complainant and Respondent.

OPINION

**McKINSTER, Acting P. J.**—Plaintiff and cross-defendant Tuscany Hills Landscape & Recreation Corporation appeals from an order denying its special motion to strike a cause of action for defamation asserted by defendant and cross-complainant Gloria Healy. The trial court denied the motion based on its conclusion that Healy had demonstrated a reasonable probability that she would prevail on the defamation cause of action. We conclude that the allegedly defamatory publication comes within the scope of the litigation privilege and that there is therefore no possibility that Healy could prevail on her cause of action.

### FACTUAL AND PROCEDURAL BACKGROUND

Tuscany Hills Landscape & Recreation Corporation (hereafter Tuscany Hills or the association) is the homeowners association for a Lake Elsinore development known as Tuscany Hills. Gloria Healy is the owner of a property within the development, 6 Villa Scencero. Tuscany Hills filed a complaint, and ultimately a first amended complaint, alleging that Healy wrongfully denied the association access through her property to an adjacent slope over which the association has maintenance obligations, specifically weed abatement to reduce fire hazard. The first amended complaint sought injunctive and declaratory relief.

Following an unsuccessful motion to strike the first amended complaint, Healy filed a general denial and a cross-complaint. Her cross-complaint

alleged, as its first cause of action, that the association defamed her when its attorneys sent a letter to residents of Tuscany Hills referring to the access issue. As pertinent, the letter stated as follows: "Dear Affected Tuscany Hills Member: [¶] Please be advised that the law firm of Peters & Freedman, L.L.P., represents [Tuscany Hills] . . . in the above referenced matter, which involves a lawsuit. A copy of the disclosure letter is enclosed for your reference. [¶] The purpose of this letter is to inform you that the Association's landscapers, Stay Green, will be performing city and county mandated weed abatement . . . . [¶] The Association is performing this weed abatement at an additional cost to the Association, primarily because of ingress and egress through the gate at the end of Villa Scencero is being prohibited by the owner of 6 Villa Scencero. Please note, normal weed abatement is a standard part of the landscape maintenance contract expense. However, where ingress and egress is changed and more difficult, a cost is charged. This cost has a direct impact on operating expenses and assessments."

Healy alleged that the letter is false insofar as it states that her prohibition of ingress and egress through the gate at the end of Villa Scencero resulted in increased cost to the members of the association for weed abatement because it gave the false impression that there were no other areas where ingress and egress for weed abatement purposes exist or, that if they do exist, they provide more difficult and therefore more costly access. She alleged that the statements were understood by the recipients to mean that additional costs were being imposed as a result of her decision to prohibit ingress and egress through the gate at the end of Villa Scencero. She alleged that she suffered loss of reputation, shame, mortification and hurt feelings, to her general damage in the amount of $250,000. She also sought punitive damages.

Tuscany Hills filed a special motion to strike the defamation cause of action. It asserted, among other things, that the litigation privilege stated in Civil Code section 47, subdivision (b), afforded it a complete defense to the defamation cause of action because the letter sent by its attorney was in connection with the lawsuit it had filed against Healy.

The court denied the motion, finding a reasonable probability that Healy would prevail on the defamation cause of action. Tuscany Hills filed a timely notice of appeal.

## DISCUSSION

■ Code of Civil Procedure section 425.16[1] provides a procedure for a defendant to challenge a suit or cause of action as a so-called SLAPP (strategic

---

[1] All further statutory references will be to the Code of Civil Procedure unless otherwise indicated.

lawsuit against public participation) suit, i.e., nonmeritorious litigation meant to chill the valid exercise of the right of free speech or the right to petition for redress. To prevail on an anti-SLAPP motion, the defendant must make a prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's right of petition or free speech. If this burden is met, the plaintiff must establish a reasonable probability that he or she will prevail on the merits. These determinations are legal questions which we review de novo. (*Damon v. Ocean Hills Journalism Club* (2000) 85 Cal.App.4th 468, 474 [102 Cal.Rptr.2d 205], and cases cited therein.)

■ Section 425.16 applies when the challenged cause of action arises from "any act . . . in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue . . . ." (§ 425.16, subd. (b)(1).) The statute defines acts in furtherance of the constitutional right to petition to include "any written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body . . . ." (§ 425.16, subd. (e)(2).) This includes statements or writings made in connection with litigation in the civil courts. (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1115 [81 Cal.Rptr.2d 471, 969 P.2d 564] (*Briggs*).) The statute does not require any showing that the matter being litigated concerns a matter of public interest. (*Id.* at pp. 1117–1118, 1123.) Thus, an action for defamation falls within the anti-SLAPP statute if the allegedly defamatory statement was made in connection with litigation. (19 Cal.4th at pp. 1109, 1123.) In addition, statements which come within the protection of the litigation privilege of Civil Code section 47, subdivision (b), are equally entitled to the benefits of section 425.16. (*Briggs*, at p. 1115.) Civil Code section 47, subdivision (b), provides that a publication is privileged if it is made "in" any judicial proceeding. (Civ. Code, § 47, subd. (b)(2).)

■ Both section 425.16 and Civil Code section 47 are construed broadly, to protect the right of litigants to " 'the utmost freedom of access to the courts without [the] fear of being harassed subsequently by derivative tort actions.' " (*Rubin v. Green* (1993) 4 Cal.4th 1187, 1194 [17 Cal.Rptr.2d 828, 847 P.2d 1044]; see § 425.16, subd. (a); *Briggs, supra,* 19 Cal.4th at p. 1119.) Thus, it has been established for well over a century that a communication is absolutely immune from any tort liability if it has " 'some relation' " to judicial proceedings. (*Rubin v. Green, supra,* 4 Cal.4th at p. 1193.)

■ The allegedly defamatory statements in the letter unquestionably come within the litigation privilege. The letter expressly refers to the litigation arising from Healy's prohibition on ingress and egress for weed abatement purposes and refers to an enclosed disclosure letter. (The record on appeal does not include the disclosure letter.) Because one purpose of the

letter was to inform members of the association of pending litigation involving the association, the letter is unquestionably "in connection with" judicial proceedings (§ 425.16, subd. (e)(2)) and bears " 'some relation' " to judicial proceedings. (*Rubin v. Green, supra,* 4 Cal.4th at p. 1193; see Civ. Code, § 47, subd. (b)(2).)

Because Tuscany Hills met its burden of making a prima facie showing that the letter came within the litigation privilege, the burden shifted to Healy to demonstrate the existence of facts which would, if proved at trial, support a judgment in her favor. (*Wilson v. Parker, Covert & Chidester* (2002) 28 Cal.4th 811, 821 [123 Cal.Rptr.2d 19, 50 P.3d 733].) She asserted that she could prevail because the association would not be able to show that her refusal to allow access through her property resulted in any increased weed abatement cost. Even if this is factually correct, however, it is irrelevant because the statements in the letter are absolutely privileged, even if they were defamatory. (*Rubin v. Green, supra,* 4 Cal.4th at pp. 1193–1194.)

## DISPOSITION

The order denying the special motion to strike is reversed. Tuscany Hills is awarded its costs on appeal.

Richli, J., and King, J., concurred.