134 Nev., Advance Opinion 87

## IN THE SUPREME COURT OF THE STATE OF NEVADA

INGRID PATIN, AN INDIVIDUAL; AND
PATIN LAW GROUP, PLLC, A
PROFESSIONAL LLC,
Appellants,
vs.
TON VINH LEE,
Respondent.

No. 69928

FILED

NOV 15 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order denying a special motion to dismiss in a defamation action. Eighth Judicial District Court, Clark County; Jennifer P. Togliatti, Judge.

*Affirmed.*

Marquis Aurbach Coffing and Micah S. Echols, Las Vegas; Nettles Law Firm and Christian M. Morris and Brian D. Nettles, Henderson,
for Appellants.

Resnick & Louis, P.C., and Prescott T. Jones, Las Vegas,
for Respondent.

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, PARRAGUIRRE, J.:

Under NRS 41.660(1), Nevada's anti-SLAPP (Strategic Lawsuit Against Public Participation) statute, a defendant may file a special motion to dismiss a plaintiff's complaint if the complaint is based upon the

13-904229

defendant's "good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern." NRS 41.637 provides four alternative definitions for what can constitute a "good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern," one of which includes a "statement made in direct connection with an issue under consideration by a . . . judicial body." NRS 41.637(3). In this appeal, we must determine whether an attorney's statement on a website summarizing a jury's verdict is a statement in direct connection with an issue under consideration by a judicial body. We adopt California's framework for evaluating such statements, which requires the statement to (1) relate to the substantive issues in the litigation and (2) be directed to persons having some interest in the litigation. Because the statement in this case failed to satisfy either of these requirements, it does not fall within NRS 41.637(3)'s definition, and the district court correctly denied appellants' special motion to dismiss.

## FACTS AND PROCEDURAL HISTORY

In a previous case, appellants Ingrid Patin and Patin Law Group represented a client in a dental malpractice lawsuit against Summerlin Smiles, Dr. Florida Traivai, and respondent Dr. Ton Vinh Lee. After trial, a jury rendered a $3.4 million verdict in favor of Patin's client. In so doing, the jury determined that Summerlin Smiles and Dr. Traivai had been negligent but that Dr. Lee had not been negligent. Thereafter, Summerlin Smiles and Dr. Traivai moved to vacate the jury's verdict, which the district court granted in 2014. Patin's client appealed that order, and in 2016, this court reversed and directed the district court to reinstate the jury's verdict. That reversal, however, did not affect Dr. Lee since Patin's

client had not challenged the portion of the jury's verdict that found Dr. Lee was not negligent.

At some point between when the jury's verdict was entered and when this court directed the district court to reinstate the jury's verdict, Patin posted on her law firm's website the following statement:

> DENTAL MALPRACTICE/WRONGFUL DEATH - *PLAINTIFF'S VERDICT $3.4M, 2014 Description: Singletary v. Ton Vinh Lee, DDS, et al.*
>
> A dental malpractice-based wrongful death action that arose out of the death of Decedent Reginald Singletary following the extraction of the No. 32 wisdom tooth by Defendants on or about April 16, 2011. Plaintiff sued the dental office, Summerlin Smiles, the owner, Ton Vinh Lee, DDS, and the treating dentists, Florida Traivai, DMD and Jai Park, DDS, on behalf of the Estate, herself and minor son.

(Emphasis added.) Thereafter, Dr. Lee filed the underlying action asserting a single claim of defamation per se, which was based on the premise that the emphasized portion of Patin's statement could be construed as stating that the jury found Dr. Lee to have been negligent, which, as indicated, was false. In response, Patin filed a special motion to dismiss pursuant to NRS 41.660(1). Among other things, Patin argued that the statement was a "statement made in direct connection with an issue under consideration by a . . . judicial body," NRS 41.637(3), such that the statement constituted a "good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern" that per NRS 41.660(3)(a) could not form the basis for defamation liability. The district court denied Patin's motion, reasoning that because the statement did not reference the pending appeal in the dental malpractice case, the



statement was not in direct connection with an issue under consideration by a judicial body. The district court alternatively concluded that even if the statement had fallen within NRS 41.637(3)'s definition, dismissal was still not warranted as Dr. Lee had "demonstrated with prima facie evidence a probability of prevailing on [his] claim," NRS 41.660(3)(b), by providing an interpretation of Patin's statement that could be construed as false and defamatory.[1] This appeal followed.

## DISCUSSION

Because resolution of this appeal involves a single matter of statutory interpretation, we review de novo the district court's denial of Patin's special motion to dismiss. *Pawlik v. Deng*, 134 Nev., Adv. Op. 11, 412 P.3d 68, 70 (2018).[2]

---

[1]The Legislature amended the anti-SLAPP statute in 2015. Among other things, the amendments require a plaintiff in the second step of the anti-SLAPP analysis to demonstrate with "prima facie evidence," instead of "clear and convincing evidence," a probability of prevailing on the claim. 2015 Nev. Stat., ch. 428, § 13, at 2455. To the extent Patin has not conceded that the district court correctly applied the 2015 anti-SLAPP statute, any such argument is moot because, as explained below, Patin failed to satisfy her burden under the first step.

[2]Because this appeal involves a single matter of statutory interpretation, we need not address what effect the above-mentioned 2015 amendments have on this court's standard of review for an anti-SLAPP motion. *See Shapiro v. Welt*, 133 Nev., Adv. Op. 6, 389 P.3d 262, 266 (2017) (observing that when the Legislature changed the plaintiff's burden from prima facie evidence to clear and convincing evidence in 2013, this court's standard of review for an anti-SLAPP motion changed from de novo to abuse of discretion).

As indicated, resolution of this appeal implicates a single issue of statutory interpretation: whether Patin's statement regarding the jury verdict in the dental malpractice case is a "statement made in direct connection with an issue under consideration by a . . . judicial body" under NRS 41.637(3). Because no Nevada precedent is instructive on this issue, we look to California precedent for guidance. See *Shapiro v. Welt*, 133 Nev., Adv. Op. 6, 389 P.3d 262, 268 (2017) (observing that because "California's and Nevada's anti-SLAPP statutes are similar in purpose and language, we look to California law for guidance" (internal quotation marks and citations omitted)).

California's analogous anti-SLAPP statute protects "any written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body." Cal. Civ. Proc. Code § 425.16(e)(2) (West 2016). In this respect, we believe *Neville v. Chudacoff*, 73 Cal. Rptr. 3d 383, 391-92 (Ct. App. 2008), is particularly instructive. In *Neville*, a company fired one of its employees because the employee had stolen the company's customer lists and had been secretly soliciting its customers in order to start a competing business. *Id.* at 386. The company's attorney sent a letter to the company's customers warning them not to do business with the fired employee because he had breached the company's confidentiality agreement. *Id.* Thereafter, the company sued the fired employee, and the employee asserted a cross-claim for defamation against the company's attorney premised on the attorney having allegedly defamed the employee in the letters. *Id.* at 386-87. The attorney filed an anti-SLAPP motion, which the trial court granted, and the employee appealed. *Id.* at 387.

On appeal, the *Neville* court canvassed California precedent regarding the meaning of "in connection with" as used in section 425.16(e)(2). *Id.* at 389-91. First, it evaluated *Paul v. Friedman*, 117 Cal. Rptr. 2d 82 (Ct. App. 2002), *abrogated on other grounds by Jacob B. v. Cty. of Shasta*, 154 P.3d 1003, 1010-12 (Cal. 2007). *See Neville*, 73 Cal. Rptr. 3d at 389. In *Paul*, an attorney had investigated a securities broker's personal life in the course of an arbitration matter pertaining to the broker's alleged commission of securities fraud. 117 Cal. Rptr. 2d at 84-85. The attorney disclosed the details of the broker's personal life to the broker's clients, and the broker subsequently sued the attorney for various torts, including defamation. *Id.* The attorney filed an anti-SLAPP motion, and on appeal, the *Paul* court determined that the attorney's communications to the broker's clients were not "in connection with" the arbitration proceeding for purposes of affording the attorney protection under section 425.16(e)(2). *Id.* at 92. Specifically, the *Paul* court held that section 425.16(e)(2) "does not accord anti-SLAPP protection to suits arising from any act having any connection, however remote, with an official proceeding," and that statements "bearing no relationship" to "the claims under consideration in the arbitration" do not qualify for anti-SLAPP protection. *Id.*

Next, the *Neville* court evaluated *Healy v. Tuscany Hills Landscape & Recreation Corp.*, 39 Cal. Rptr. 3d 547 (Ct. App. 2006). *See Neville*, 73 Cal. Rptr. 3d at 390. In *Healy*, a resident in a homeowners' association (HOA) refused to allow the HOA to cross her property to cut down weeds on an adjacent piece of land. 39 Cal. Rptr. 3d at 548. The HOA filed a declaratory relief action against the resident and sent a letter to other residents in the HOA informing them of the litigation and explaining that the offending resident was increasing the overall cost of the weed

abatement project by refusing to allow the HOA to cross her property. *Id.* The resident then asserted a defamation claim against the HOA, alleging that the letter had falsely stated that she was increasing the cost of the weed abatement project. *Id.* at 548-49. The HOA filed an anti-SLAPP motion, which the lower court denied, and on appeal, the court of appeal determined that the HOA's letter to the residents was "in connection with an issue under consideration or review by . . . a judicial body" because the letter was sent in connection with litigation. *Id.* at 549-50 (alteration in original) (quoting section 425.16(e)(2)).

The *Neville* court then evaluated *Contemporary Services Corp. v. Staff Pro Inc.*, 61 Cal. Rptr. 3d 434 (Ct. App. 2007) (*CSC*). *See Neville*, 73 Cal. Rptr. 3d at 390-91. In *CSC*, two competing companies, Staff Pro and Contemporary Services, were in litigation against one another. 61 Cal. Rptr. 3d at 439-40. During the course of that litigation, Staff Pro's president sent an email to Staff Pro's customers stating that Contemporary Services had paid Staff Pro's ex-employees to make false statements about Staff Pro. *Id.* at 441. Staff Pro's president later explained that the purpose of the email was to keep the customers apprised of the status of the litigation, as the customers had previously been required to sit for depositions. *Id.* at 439, 441. As a result of the email, Contemporary Services filed a new action asserting, among other claims, a claim for defamation. *Id.* at 441. Staff Pro filed an anti-SLAPP motion, which the lower court granted, and on appeal, the court of appeal affirmed that the email was made "in connection with an issue under consideration or review by . . . a judicial body" because the email was a "litigation update" given to individuals "who had some involvement" in the litigation. *Id.* at 445.

After having reviewed *Paul*, *Healy*, and *CSC*, the *Neville* court synthesized the holdings in those cases and concluded that a statement is "made in connection with an issue under consideration or review by . . . a judicial body" for purposes of section 425.16(e)(2) if the statement "relates to the substantive issues in the litigation and is directed to persons having some interest in the litigation." 73 Cal. Rptr. 3d at 391 (internal quotation marks omitted). The *Neville* court thereafter analyzed cases construing the scope of the litigation privilege because the litigation privilege and section 425.16(e)(2) "serve similar policy interests," in that both "protect the right of litigants to the utmost freedom of access to the courts without the fear of being harassed subsequently by derivative tort actions." 73 Cal. Rptr. 3d at 388-89 (internal quotation marks and alterations omitted). Ultimately, the *Neville* court determined that the attorney's letter to the company's customers was protected under both section 425.16(e)(2) and the litigation privilege because the letter related directly to the company's forthcoming claims against the fired employee and was directed to the company's customers, who the company reasonably believed would have an interest in the forthcoming litigation. *Id.* at 392-94.

We are persuaded by the *Neville* court's analysis and conclude that in order for a statement to be protected under NRS 41.637(3), which requires a statement to be *"in direct* connection with an issue under consideration by a . . . judicial body" (emphasis added), the statement must (1) relate to the substantive issues in the litigation and (2) be directed to persons having some interest in the litigation. If we were to accept Patin's argument that simply referencing a jury verdict in a court case is sufficient to be in direct connection with an issue under consideration by a judicial body, we would essentially be providing anti-SLAPP protection to "any act

SUPREME COURT
OF
NEVADA

(O) 1947A

having any connection, however remote, with [a judicial] proceeding." *Paul,* 117 Cal. Rptr. 2d at 92. Doing so would not further the anti-SLAPP statute's purpose of "protect[ing] the right of litigants to the utmost freedom of access to the courts without the fear of being harassed subsequently by derivative tort actions."[3] *Neville,* 73 Cal. Rptr. 3d at 389 (internal quotation marks and alterations omitted).

Having adopted the *Neville* court's standard for what qualifies for protection under NRS 41.637(3), it is clear that Patin's statement fails to meet that standard. First, even if the statement had mentioned the pending appeal, it still did not relate to any substantive issues in the appeal or the district court proceedings. Second, the statement was not directed to any specific person or group, let alone to someone with an interest in the litigation.[4] Accordingly, we conclude that the district court correctly determined that Patin's statement was not "in direct connection with an issue under consideration by a . . . judicial body" for purposes of anti-SLAPP protection under NRS 41.637(3) and NRS 41.660(3)(a). We therefore need not address whether Dr. Lee satisfied the second step of the anti-SLAPP statute, NRS 41.660(3)(b), which, as indicated, would require Dr. Lee to

---

[3]In this respect, Patin's reliance on case law discussing the filing of a lawsuit as being protected speech are inapposite. Dr. Lee is not challenging Patin's client's decision to file a lawsuit against him, but is instead challenging Patin's statement regarding the lawsuit's result.

[4]Patin's argument that the statement is protected by the absolute litigation privilege fails for the same reason. *See Shapiro,* 133 Nev., Adv. Op. 6, 389 P.3d at 269 ("For a statement to fall within the scope of the absolute litigation privilege it must be made to a recipient who has a significant interest in the outcome of the litigation or who has a role in the litigation.").

"demonstrate with prima facie evidence a probability of prevailing on [his] claim."

We are not persuaded that Patin's other arguments on appeal warrant reversal. Although Patin argues that the statement is protected by the fair report privilege, she has not cited any authority for the proposition that an affirmative defense such as the fair report privilege can be asserted within the confines of an anti-SLAPP motion to dismiss, *see Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (explaining that this court need not consider arguments that are not cogently argued or supported by relevant authority), nor is that proposition self-evident. Patin's argument that this case is moot in light of the reversal in the dental malpractice case is meritless, as the jury's verdict in favor of Dr. Lee remains in place. Patin's remaining arguments were not raised in district court, and we decline to consider them for the first time on appeal. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

*CONCLUSION*

NRS 41.637(3) provides anti-SLAPP protection for a "statement made in direct connection with an issue under consideration by a . . . judicial body." For a statement to fall within this definition, the statement must (1) relate to the substantive issues in the litigation and (2) be directed to persons having some interest in the litigation. Because Patin's statement regarding the jury verdict in the dental malpractice case against Dr. Lee did not satisfy either of these requirements, the statement

SUPREME COURT
OF
NEVADA

(O) 1947A

was not protected under NRS 41.660, Nevada's anti-SLAPP statute. We therefore affirm the district court's order denying Patin's special motion to dismiss.

_____, J.
Parraguirre

We concur:

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Stiglich

SUPREME COURT
OF
NEVADA

(O) 1947A