NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 26 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HERBERT MOREIRA-BROWN, | No. 17-17119 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-02002-JAD-VCF |
| v. | |
| LAS VEGAS REVIEW JOURNAL INC.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted February 19, 2019[**]

Before:     FERNANDEZ, SILVERMAN, and WATFORD, Circuit Judges.

Herbert Moreira-Brown appeals pro se from the district court's judgment

dismissing his diversity action alleging that defendants defamed him.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Palm v. L.A. Dep't of

Water & Power*, 889 F.3d 1081, 1085 (9th Cir. 2018) (dismissal for failure to state

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

a claim); *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008) (dismissal for lack of personal jurisdiction). We affirm in part, vacate in part, and remand.

The district court properly dismissed the claims against defendant Ademiluyi because Moreira-Brown failed to allege that Ademiluyi had sufficient contacts with Nevada to provide the court with specific personal jurisdiction over Ademiluyi. *See Boschetto*, 539 F.3d at 1015-16 (setting forth the due process requirement of "minimum contacts" and the three-part test for establishing specific jurisdiction); *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1072 (9th Cir. 2001) (Nevada's long-arm statute permits the exercise of personal jurisdiction provided that it comports with due process). We do not consider any evidence Moreira-Brown failed to raise in his opposition to Ademiluyi's motion to dismiss.

The district court properly dismissed Moreira-Brown's intentional infliction of emotional distress and negligent infliction of emotional distress claims because Moreira-Brown failed to allege facts sufficient to show that defendants' conduct was extreme and outrageous or that their conduct caused physical injury or illness. *See Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1387 (Nev. 1998) (negligent infliction of emotional distress claim requires either a "physical impact" or "serious emotional distress causing physical injury or illness"); *Star v. Rabello*, 625 P.2d 90, 91-92 (Nev. 1981) (elements of an intentional infliction of emotional distress claim); *see also Maduike v. Agency Rent–A–Car*, 953 P.2d 24, 26 (Nev.

17-17119

1998) ("[E]xtreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." (citation and internal quotation marks omitted)).

The district court dismissed Moreira-Brown's defamation claim against defendants Las Vegas Review Journal, Inc. and Thevenot under Nevada's anti-Strategic Lawsuits Against Public Participation statutes, specifically finding their communications protected under Nev. Rev. Stat. § 41.637(3). In *Patin v. Lee*, 429 P.3d 1248, 1251-52 (Nev. 2018), which was decided after the district court's judgment in this case, the Nevada Supreme Court adopted a new rule regarding whether a statement is protected under Nev. Rev. Stat. § 41.637(3). Because the district court did not have the benefit of the decision in *Patin* when it entered judgment, we vacate the judgment in part, and remand on Moreira-Brown's defamation claim against Las Vegas Review Journal, Inc. and Thevenot so the district court can consider *Patin* in the first instance.

We lack jurisdiction to consider the district court's order denying Moreira-Brown's post-judgment motion for reconsideration because Moreira-Brown failed to file a new or amended notice of appeal after the district court denied his motion. *See Harris v. Mangum*, 863 F.3d 1133, 1138 n.1 (9th Cir. 2017).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright,* 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**