**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 12 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HERBERT MOREIRA-BROWN, | No. 23-15143 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-02002-JAD-VCF |
| v. | |
| LAS VEGAS REVIEW JOURNAL INC.; CARRI GEER THEVENOT, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| APRIL ADEMILUYI, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted April 10, 2024[**]
Pasadena, California

Before: SILER,[***] GOULD, and BEA, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Eugene E. Siler, United States Circuit Judge for the U.S.

We consider here two lawsuits and a newspaper article. First came April Ademiluyi's lawsuit accusing Plaintiff Herbert Moreira-Brown and another man of raping her. Defendant Carri Greer Thevenot wrote an article about this lawsuit, which Defendant the Las Vegas Review-Journal published. Then Moreira-Brown filed suit, claiming that Defendants defamed him in the article. After the district court first dismissed Moreira-Brown's complaint in 2017, we remanded for reconsideration under Nevada's recently decided *Patin v. Lee* opinion, 429 P.3d 1248, 1251–52 (Nev. 2018). On remand, the district court again dismissed Moreira-Brown's complaint. He again appeals.

Moreira-Brown asks us to determine whether the district court properly granted Defendants' anti-SLAPP motion. It did. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's dismissal de novo. *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1155 (9th Cir. 2021). Because the parties are familiar with the facts, we recite them only where necessary.

1.    A strategic lawsuit against public participation—better known as a SLAPP lawsuit—is a meritless lawsuit that a plaintiff launches to chill a defendant's First Amendment freedom of speech. Nev. Rev. Stat. § 41.637. Nevada's anti-SLAPP law allows a defendant to file a special motion to dismiss a SLAPP lawsuit if she can show the plaintiff's claim targets a "good faith communication in

Court of Appeals for the Sixth Circuit, sitting by designation.

2

furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern." Nev. Rev. Stat. § 41.660(1).

This anti-SLAPP motion is evaluated in two steps. In the first step, the defendant must show, by a preponderance of the evidence, that she made the protected communication in good faith. Nev. Rev. Stat. § 41.660(3)(a). To be made in good faith, the communication must fall into one of four listed categories— including, as relevant here, a communication regarding an issue of public interest, which is made in a public forum, and that is true or made without knowledge of falsity. Nev. Rev. Stat. § 41.637(4).

If the defendant meets this burden, the burden shifts to the plaintiff in step two. The plaintiff must show, with prima facie evidence, a probability of prevailing on his claim. Nev. Rev. Stat. § 41.660(3)(b).

We agree with the Nevada Supreme Court that the public generally has an interest in judicial proceedings, like the one discussed in Defendants' article. *Veterans in Pol. Int'l, Inc. v. Willick*, 457 P.3d 970, *5 (Nev. 2020). Because their article concerned the allegations in Ademiluyi's lawsuit, it concerned a matter of public interest.

The article was also made in a public forum, as it was authored for and distributed in a newspaper. *See Kosor v. Olympia Companies, LLC*, 478 P.3d 390,

395 (Nev. 2020). And the statements in the article were truthful because they accurately relayed the content of Ademiluyi's legal complaint. [1]

Moreira-Brown cannot bear his burden of showing a probability of success on the claim: because the article accurately reported Ademiluyi's allegations against Moreira-Brown, he cannot show falsity, let alone make a prima facie showing of defamation.

The district court properly granted Defendants' anti-SLAPP motion and dismissed Moreira-Brown's complaint without discovery or granting leave to amend.[2] *See* Nev. Rev. Stat. § 41.660. We therefore need not consider Moreira-Brown's claim regarding the fair reporting privilege.

2. Moreira-Brown argues that the district court erred by not considering emails attached to a complaint in a separate case. He raises this argument for the first time on appeal. Absent exceptional circumstances, we do not consider arguments raised for the first time on appeal. *See AMA Multimedia, LLC v. Walmart*, 970 F.3d 1201, 1214 (9th Cir. 2020) (listing the exceptional circumstances). This is

---

[1] Moreira-Brown also complains that the article "referred to false allegations against [him], although no criminal chargers [sic] had ever been filed against him by a Bronx County Grand Jury [which] had voted No True Bill in 1998." Yet Defendants' article makes clear that "a grand jury . . . declined to indict [Moreira-Brown]."

[2] Moreira-Brown did not seek discovery under Nev. Rev. Stat. § 41.660(4) ("Upon a showing by a party that information necessary to meet or oppose the [plaintiff's] burden . . . the court shall allow limited discovery for the purpose of ascertaining such information.").

4

not an exceptional circumstance. We therefore decline to consider Moreira-Brown's forfeited argument.

The district court did not err by ordering Defendants to file a renewed motion to dismiss. When we considered Moreira-Brown's first appeal from his dismissal in 2017, we partially remanded the judgment "so the district court [could] consider *Patin* in the first instance." *Moreira-Brown v. Las Vegas Rev. J. Inc.,* 754 F. App'x 655, 656 (9th Cir. 2019) (citing *Patin*, 429 P.3d at 1251-52). The district court complied with our instruction and ordered Defendants "to file a renewed motion to dismiss that addresses the impact, if any, of the *Patin* decision." That was not error, but compliance with our mandate.

**AFFIRMED.**