**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALI SHAHROKHI, individually and as natural father and next friend for B.E.S., minor,

       Plaintiff-Appellant,

v.

MATTHEW HARTER; THOMAS STANDISH; PHILIP SPRADLING; KIZZY BURROW,

       Defendants-Appellees,

———————————————————

AARON D. FORD, Nevada Attorney General; STATE OF NEVADA,

       Intervenors.

No.   23-16012

D.C. No.
2:20-cv-01623-JAD-NJK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

———————————————

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted November 5, 2025 <sup></sup>

Before: O'SCANNLAIN, SILVERMAN, and N.R. SMITH, Circuit Judges.

Plaintiff appeals the district court's dismissal of his civil rights action alleging federal and state law claims against the mother of his minor child, her family court attorneys, and the family court judge who presided over custody proceedings in state court. All of the allegations in plaintiff's complaint arise out of the state custody proceedings. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the dismissal order de novo. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1040 (9th Cir. 2011); *Panik v. TMM, Inc.*, 538 P.3d 1149, 1152 (Nev. 2023). We affirm.

The district court properly dismissed Judge Harter, who had absolute judicial immunity for the judicial acts of making findings and issuing orders and decisions in the state court custody proceedings. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002).

The district court properly dismissed the federal civil rights claims alleged against Burrow, Spradling, and Standish. Burrow and her lawyers were not acting under color of law when Burrow sought custody and Spradling and Standish

---

**\*\*** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

represented her in state custody proceedings. Plaintiff's conclusory allegations of a conspiracy between the defendants did not state a claim or establish state action. *Woodrum v. Woodward County, Okl.*, 866 F.2d 1121, 1126 (9th Cir. 1989).

The district court properly dismissed the state law claims alleged against Burrow, Spradling, and Standish pursuant to the Nevada anti-SLAPP law. Defendants established that the communications were protected by N.R.S. § 41.637(3). *See Patin v. Ton Vinh Lee*, 429 P.3d 1248, 1251 (Nev. 2018) (holding that statements directed to persons having some interest in the ligation and related to the substantive issues in the litigation are protected). The Nevada Supreme Court decision affirming the custody determination and defendants' affidavits established that the communications were made in good faith and shifted the burden to plaintiff to establish a probability that he could prevail on his claims. *Panik*, 538 P.3d at 1154. Plaintiff has waived any argument that he met his burden of establishing that he could prevail on his claims in his opening brief by not identifying the claims and explaining how he could have prevailed on those claims. *Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir.2009) (explaining that this court "will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief.") (internal quotation marks omitted).

The district court did not abuse its discretion by denying leave to amend because amendment would have been futile. *Cervantes*, 656 F.3d at 1041.

Plaintiff has not made "the clearest showing" of "actual and substantial prejudice" from the district court's denial of discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

The district court acted within its discretion when it stayed this lawsuit until the state custody proceedings were resolved. *See Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) (holding that the district court has the discretion to stay a case "pending resolution of independent proceedings which bear upon the case").

Plaintiff has waived in his opening brief any challenge to the reasonableness of the attorney fees awarded to Standish and Spradling. *Padgett* , 587 F.3d at 985 n.2

The district court had the discretion to award $10,000 each to Burrow, Spradling, and Standish pursuant to N.R,S. § 41.670(1)(b). *Smith v. Zilverberg*, 481 P.3d 1222, 1232 (Nev. 2021). The district court's findings that plaintiff is a vexatious litigant who uses the court system to retaliate against and harass adversaries, their attorneys, and the judges assigned to his cases is well-supported in the record in this case and the numerous other cases plaintiff has filed to

4

challenge the same state court proceedings. The district court did not abuse its discretion.

Finally, plaintiff argues that Judge Dorsey was biased because she ruled against him. However, bias does not exist merely because the court rules against a party. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999).

All pending motions are DENIED.

**AFFIRMED.**