Filed 7/10/25; Modified & Certified for Partial Publication 7/28/25 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| MICHAEL K.,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>JANICE CHO,<br><br>　　　Defendant and Appellant. | A169917<br><br>(Alameda County<br>Super. Ct. No. 23CV038554) |

　　　S.J. K. hired Janice Cho, in August 2022, to represent her in dissolution and domestic violence restraining order (DVRO) proceedings against her estranged husband, Michael K. Michael initiated a chargeback dispute after S.J. used their joint credit card to pay Cho's legal fees. According to Michael, Cho made false and defamatory statements in contesting his dispute. He sued Cho for libel, negligence, and intentional infliction of emotional distress. Cho appeals from an order denying her special motion to strike Michael's complaint under the anti-SLAPP statute (Code Civ. Proc., § 425.16).[1] We agree with Cho that the trial court incorrectly determined that Michael's claims do not arise out of litigation activity protected by the anti-SLAPP statute, and that Michael failed to carry his burden to show his

_____

　　　[1] Undesignated statutory references are to the Code of Civil Procedure.

1

claims have minimal merit. Accordingly, we reverse and remand with directions to grant Cho's anti-SLAPP motion.

## BACKGROUND

### A.

S.J. filed her request for DVRO in propria persona a month before hiring Cho. In that DVRO petition, and a later filed civil tort action (where she was represented by different counsel), S.J. alleged Michael had repeatedly choked, pushed, punched, and raped her, monitored her with tracking devices and cameras, financially abused her, and emotionally abused their children by committing violent attacks in their presence.

Between October 11, 2022 and November 14, 2022, while Cho represented S.J., her legal fees (totaling $92,211) were charged to a credit card issued by Chase Bank. Both Michael and S.J. were authorized users of the community property card. In November 2022, Michael utilized Chase's chargeback dispute process to challenge a $50,000 payment to Cho. Eleven days later, Michael again used Chase's chargeback dispute process to challenge a $23,331.55 payment to Cho for S.J.'s legal services. Michael claimed the charges were "excessive or duplicative of other charges."

In response to Michael's dispute, Cho's legal practice management and billing vendor, MyCase, prompted Cho to supply information and documents explaining why the disputed charges were bona fide. Cho submitted a document entitled "Chargeback Rebuttal" to MyCase wherein she provided a timeline of the dissolution/DVRO proceedings and stated:

"I represent [S.J.] . . . in her pending Divorce Case <u>and</u> her Domestic Violence Case . . . against her abusive husband, [Michael]. [¶] . . . During her marriage . . . , [S.J.] was REGULARY choked, punched, and raped. Many of these violent attacks occurred in front of her two young children and have now

2

traumatized the children such that the oldest child suffers from a nervous tic. [Michael] also set up cameras in every room of the house and placed tracking devices in [S.J.'s] purse and car . . . to control and monitor her every move. Additionally, [Michael] financially abused my client by keeping her in the dark about finances. For instance, [Michael] fraudulently took out a second mortgage for $1 Million Dollars without my client's authorized consent despite that she is listed on the Deed." (Bold omitted.)

**B.**

Michael filed suit against Cho, alleging causes of action for libel per se, negligence, and intentional infliction of emotional distress—all based on Cho's statements, in the chargeback rebuttal, that Michael traumatized their children and physically/sexually abused, monitored, and financially controlled S.J.

Cho responded to Michael's complaint by filing a special motion to strike under section 425.16. Cho argued that S.J.'s filing of the underlying dissolution and DVRO petitions were protected acts and that Michael's complaint " 'arises from an act in furtherance of [Cho's] right to free speech.' " Cho's motion was supported by her declaration and request for judicial notice of pleadings filed in Contra Costa County Superior Court: 1. S.J.'s DVRO petition; 2. the petition for dissolution of marriage; and 3. S.J.'s tort suit against Michael.

In her declaration in support of her motion to strike, Cho stated that her statements in the "Chargeback Rebuttal" were summaries or verbatim statements of S.J.'s allegations in the DVRO petition and civil complaint. Cho believed they were true based on S.J.'s account and witness statements. Cho made her statements in the chargeback rebuttal to ensure that her representation of S.J. was not interrupted, as S.J. had no other resources to secure legal representation.

3

The trial court granted (in relevant part) Cho's request for judicial notice but denied Cho's motion to strike. Citing *Seltzer v. Barnes* (2010) 182 Cal.App.4th 953, 962 (*Seltzer*) and *Rand Resources, LLC v. City of Carson* (2019) 6 Cal.5th 610, 620 the court found that for the statements in the "Chargeback Rebuttal" to have been made " 'in connection with an issue under consideration or review by a . . . judicial body,' " as required by section 425.16, subdivision (e)(2), the statement must be related to " 'substantive issues in the litigation' " and be " 'directed to persons having some interest in the litigation.' " The test was not met because there was no showing that the use of the community property credit card to fund the litigation was " 'an issue under . . . review' " in the dissolution or DVRO proceedings, and because Cho failed to show Chase had any interest in either proceeding. The trial court said: "[Cho] cites no authority indicating that a communication directed to an uninterested third party [Chase] concerning payment of legal fees qualifies for protection under the anti-SLAPP statute."

## DISCUSSION

Cho contends that the trial court erred in denying her special motion to strike because she is being sued for litigation-related conduct protected under the anti-SLAPP statute. She further asserts that Michael failed to demonstrate a probability of prevailing on the merits. Michael, on the other hand, asserts that the trial court properly ruled that Cho failed to meet her threshold burden of demonstrating that his complaint arose from acts undertaken in furtherance of a protected activity. We agree with Cho.

### A.

"A SLAPP is a civil lawsuit that is aimed at preventing citizens from exercising their political rights or punishing those who have done so." (*Simpson Strong-Tie Co., Inc. v. Gore* (2010) 49 Cal.4th 12, 21.) The Legislature adopted the anti-SLAPP

4

statute in 1992, finding "it is in the public interest to encourage continued participation in matters of public significance, and . . . this participation should not be chilled through abuse of the judicial process." (§ 425.16, subd. (a), added by Stats. 1992, ch. 726, § 2, eff. Sept. 16, 1992.) The anti-SLAPP statute does not bar liability for claims arising from protected rights. (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384 (*Baral*).) Instead, it provides a procedure for weeding out meritless claims at an early stage of the litigation. (*Ibid.*)

The anti-SLAPP statute only applies to protected activity, which is defined as activity "in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." (§ 425.16, subds. (b)(1), (e).) Such activity includes, inter alia, "any written or oral statement or writing made *in connection with an issue under consideration* or review by a . . . judicial body." (§ 425.16, subd. (e)(2), italics added.) To encourage continued participation in matters of public significance and to ensure such participation is not chilled through litigation abuse, the Legislature expressly provided that the anti-SLAPP statute "shall be construed broadly." (§ 425.16, subd. (a); *Simpson Strong-Tie Co., Inc. v. Gore, supra,* 49 Cal.4th at p. 21.)

Anti-SLAPP motions are evaluated in two steps. In the first step, the defendant bears the burden of identifying the allegations of protected activity and the claims for relief supported by them. When there are allegations of both protected and unprotected activity, the court disregards the unprotected activity at this stage. If the court determines that relief is sought based on allegations arising from activity protected by the statute, it proceeds to the second step, in which the burden shifts to the plaintiff to demonstrate that the challenged claims are legally sufficient and factually substantiated. If not, the claim is

stricken.  (*Baral, supra*, 1 Cal.5th at p. 396; § 425.16, subd. (b)(1).)

We independently review the trial court's ruling on an anti-SLAPP motion.  (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1067.)

**B.**

Cho asserts the trial court applied the anti-SLAPP statute too narrowly—in conflict with its express direction that it be broadly construed (§ 425.16, subd. (a)).  We agree that the trial court erred by concluding Cho's statements were not protected because the credit card chargeback dispute was not *itself* an issue under review in the underlying litigation and because the statements were "directed to an uninterested third party [Chase] concerning payment of legal fees."

**1.**

On the "arising from" requirement (§ 425.16, subd. (b)(1)), the defendant must show "the defendant's act underlying the plaintiff's cause of action [was] itself" a protected act.  (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78.)  "[I]n ruling on an anti-SLAPP motion, courts should consider the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability."  (*Park v. Board of Trustees of California State University, supra*, 2 Cal.5th at p. 1063.)  Courts are required to "respect the distinction between activities that form the basis for a claim and those that merely lead to the liability-creating activity or provide evidentiary support for the claim."  (*Id*. at p. 1064.)  "[T]he mere fact that an action was filed after protected activity took place does not mean the action arose from that activity for the purposes of the anti-SLAPP statute."  (*Navellier v. Sletten* (2002) 29 Cal.4th 82, 89.)

6

Although Cho's chargeback rebuttal explained how Michael's credit card dispute fit into a broader pattern of financial abuse in the marriage, Michael does not take issue with those statements. Instead, in the factual allegation section of his complaint, Michael alleges that Cho, in her chargeback rebuttal, "made the following statements of alleged fact: [¶] a. During the marriage the petitioner was 'REGULARY choked, punched, and raped' by [Michael]. [¶] b. '[Many] of these violent attacks [choking, punching, and raping] occurred in front of [S.J.'s] two young children and have now traumatized the children such that the oldest child suffers from a nervous tic.' [¶] c. '[Michael] also set up cameras in every room of the house and placed tracking devices in [S.J.'s] purse and car in order to control and monitor her every move.' [¶] d. '[Michael] financially abused my client by keeping her in the dark about finances. For instance, [Michael] fraudulently took out a second mortgage of $1 Million Dollars without [S.J.'s] authorized consent despite that she is listed on the Deed."

Michael's first cause of action—for libel per se—alleges that these "written statement(s) to Chase bank . . . were false," that Cho published them "without using reasonable care to determine [their] truth or falsity," and that her "defamatory statements were not privileged." In his negligence cause of action, Michael alleged that, in making her written statements to Chase, Cho "failed to use ordinary care that would be utilized by a reasonable person." Michael's final cause of action—for intentional infliction of emotional distress—alleged that Cho's conduct (making the statements in the chargeback rebuttal) "was outrageous in nature and performed with the intent to cause severe emotional distress . . . or was otherwise performed with reckless disregard for the probability that such conduct would cause [Michael] severe emotional distress."

7

Cho contends her statements in the chargeback rebuttal were protected, under section 425.16, subdivision (e)(2), because they were "made *in connection with an issue* under consideration or review by a . . . judicial body." (§ 425.16, subd. (e)(2), italics added.) She is right.

"By requiring the communication to be in connection 'with *an issue* under consideration or review' (§ 425.16, subd. (e)(2), italics added), the terms of subdivision (e)(2) make clear that 'it is insufficient to assert that the acts alleged were "in connection with" an official proceeding.' [Citation.] Instead, '[t]here must be a connection with an issue under review in that proceeding.' " (*Rand Resources, LLC v. City of Carson, supra*, 6 Cal.5th at p. 620.) " 'A statement is "in connection with" an issue under consideration by a court in a judicial proceeding within the meaning of clause (2) of . . . section 425.16, subdivision (e) if it *relates to a substantive issue* in the proceeding and is directed to a person having *some interest* in the proceeding.' " (*Crossroads Investors, L.P. v. Federal National Mortgage Assn.* (2017) 13 Cal.App.5th 757, 779, some italics added; accord, *Seltzer, supra,* 182 Cal.App.4th at p. 962.) Under section 425.16, subdivision (e)(2), there is no need to show that the statement concerned an issue of public significance. (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1116, 1119, 1123.)

Following the Legislature's mandate in favor of broad construction,[2] " 'courts have adopted "a fairly expansive view of

___

[2] Cho asks us to take judicial notice of legislative history related to Senate Bill No. 1296 (1997-1998 Reg. Sess.), which amended section 425.16, subdivision (a), to add the broad construction requirement. (See Stats. 1997, ch. 271, § 1, eff. Aug. 12, 1997.) We deferred consideration of Cho's unopposed request until our decision on the merits. We now deny the request because it is unnecessary to seek judicial notice of published

what constitutes litigation-related activities within the scope of section 425.16." ' " (*Neville v. Chudacoff* (2008) 160 Cal.App.4th 1255, 1268 (*Neville*).) "The anti-SLAPP protection for petitioning activities applies not only to the filing of lawsuits, but extends to conduct that relates to such litigation, including statements made in connection with or in preparation of litigation." (*Kolar v. Donahue, McIntosh & Hammerton* (2006) 145 Cal.App.4th 1532, 1537.) As our Supreme Court has explained, " '[a]ny act' " under section 425.16, subdivision (b)(1) "includes communicative conduct such as the filing, *funding*, and prosecution of a civil action." (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1056 (*Rusheen*), italics added.)

It is also well established that the anti-SLAPP statute protects lawyers and law firms—not just litigants—engaged in litigation-related activity. (*Rusheen, supra,* 37 Cal.4th at p. 1056; *Thayer v. Kabateck Brown Kellner LLP* (2012) 207 Cal.App.4th 141, 154 (*Thayer*); see also *Cabral v. Martins* (2009) 177 Cal.App.4th 471, 479-480, 482.)

Examples of qualifying litigation-related conduct include an attorney's revision of a will months before the testator's death (*Cabral v. Martins, supra*, 177 Cal.App.4th at pp. 482-483), a law firm's letter seeking third party support in anticipation of filing a complaint with the Attorney General (*Dove Audio, Inc. v. Rosenfeld, Meyer & Susman* (1996) 47 Cal.App.4th 777, 780, 783-784), an attorney's statements to their client's customers warning them not to contact client's former employee (against whom client intended to file lawsuit) (*Neville, supra*, 160 Cal.App.4th at pp. 1259, 1267-1270), a plaintiff's transmittal of a "litigation update" to customers accusing competitor of litigation misconduct (*Contemporary Services Corp. v. Staff Pro Inc.* (2007) 152

legislative history. *(Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 45–46 & fn. 9.) "Citation to the material is sufficient." (*Id*. at p. 46, fn. 9.)

9

Cal.App.4th 1043, 1047-1050, 1055), an attorney's communications in the course of settlement negotiations (*Seltzer, supra,* 182 Cal.App.4th at pp. 963–964), and statements encouraging nonparties to fund proposed litigation. (*Dziubla v. Piazza* (2020) 59 Cal.App.5th 140, 146-150 (*Dziubla*); *Wilcox v. Superior Court* (1994) 27 Cal.App.4th 809, 814, 821-822, disapproved on another ground by *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 68, fn. 5.)

However, not *every* statement made by a litigant or lawyer after the start of litigation is protected by section 425.16, subdivision (e)(2). (See *Paul v. Friedman* (2002) 95 Cal.App.4th 853, 866.) Statements that "bear[] no relationship to" or "ha[ve] *nothing* to do with the claims under consideration" (italics added) in the litigation do not meet subdivision (e)(2)'s governing standard. (*Ibid.* [anti-SLAPP statute does not protect attorney's disclosures from "harassing investigation" into securities broker's "personal matters bearing no relationship to the claims asserted in the arbitration"].)

The trial court erred by concluding Cho's statements in the chargeback rebuttal were more closely analogous to those made in *Paul v. Friedman, supra*, 95 Cal.App.4th 853 than to the broad range of qualifying litigation-related conduct discussed above. Here, as plainly established by Michael's pleading itself, his three causes of action arose directly out of the content of Cho's statements in the chargeback rebuttal, not the fact that Cho disputed his chargeback. And Cho's rebuttal did not contain any statements of fact about Michael that were unrelated to the issues in the dissolution and DVRO actions. In fact, as Michael concedes, the statements he challenged precisely mirrored S.J.'s allegations in the DVRO petition and civil tort action. Michael does not argue that any other activities underlie his causes of action; he merely suggests that his claims do not involve protected conduct because the context in which Cho's statements

10

were made—the credit card chargeback dispute—is wholly unrelated to any issue under review in the litigation.

Not so.  First, the chargeback dispute clearly relates to funding Cho's legal services.  And funding an attorney's services to prosecute a lawsuit, as well as soliciting litigation funding, are themselves protected acts in furtherance of petitioning activity. (See *Rusheen, supra,* 37 Cal.4th at p. 1056; *Dziubla, supra,* 59 Cal.App.5th at pp. 146, 149-150; *Takhar v. People ex. rel. Feather River Air Quality Management Dist.* (2018) 27 Cal.App.5th 15, 28; *Wilcox v. Superior Court, supra*, 27 Cal.App.4th at pp. 821-822; cf. *Sheley v. Harrop* (2017) 9 Cal.App.5th 1147, 1166 ["insofar as a cause of action is based on the payment of funds to maintain a lawsuit, this constitutes protected activity"].)

Second, as the rebuttal itself explains, S.J.'s allegations of financial abuse *and* her right to use community property funds to pay her legal fees *were* substantive issues in the litigation.  In her DVRO petition, S.J. requested spousal and child support, the payment of attorney fees, and alleged that Michael restricted her access to and "controls all the [couple's] money."  Depriving a spouse of funds required for basic necessities qualifies as abuse under the Domestic Violence Prevention Act.  (See Fam. Code, § 6320, subds. (a), (c)(2)-(3); *Hatley v. Southard* (2023) 94 Cal.App.5th 579, 591.)

Furthermore, the trial court and Michael overlook the dissolution proceedings, which put oversight and characterization of marital assets and debts before the family court.  (See Fam. Code, §§ 2030, subd. (a)(1), 2040, subds. (a)(2)(A), (a)(2)(B); *In re Marriage of Valli* (2014) 58 Cal.4th 1396, 1399 ["[i]n a marital dissolution proceeding, a court's characterization of the parties' property—as community property or separate property— determines the division of the property between the spouses"]; *In re Marriage of Rossin* (2009) 172 Cal.App.4th 725, 732 [" '[c]haracterization must take place in order to determine the

11

rights and liabilities of the parties with respect to a particular asset or obligation and is an integral part of the division of property on marital dissolution' "].)  Cho's statements in the chargeback rebuttal were made in connection with issues under consideration in the dissolution and DVRO litigation.  (See *Neville, supra*, 160 Cal.App.4th at pp. 1267-1268; *Annette F. v. Sharon S.* (2004) 119 Cal.App.4th 1146, 1160-1161.)

The trial court also erred by concluding Chase had *no* interest in the litigation.  Section 425.16, subdivision (e)(2), does not require protected statements be made to parties or potential parties to the litigation.  (See *Dziubla, supra,* 59 Cal.App.5th at pp. 146, 150 [litigation fundraising request posted on business website and emailed to business's members]; *Neville, supra*, 160 Cal.App.4th at pp. 1266, 1270 [challenged communication sent to employer's customers who would be at most witnesses to employer's claim].)  Because Chase Bank is Michael's and S.J.'s creditor and MyCase is Cho's agent, the recipients of Cho's statements in the chargeback rebuttal clearly had *some* interest in the parties' litigation—which is all that is required.  (*Timothy W. v. Julie W.* (2022) 85 Cal.App.5th 648, 659 (*Timothy W.*); *Dziubla*, at pp. 146, 150; *Seltzer, supra,* 182 Cal.App.4th at p. 962.)

Cho made the threshold showing of demonstrating that Michael's claims arose from protected activity.  Although the trial court did not address the second prong of the anti-SLAPP analysis, we have discretion to decide the issue because it is subject to independent review.  (*Roberts v. Los Angeles County Bar Assn.* (2003) 105 Cal.App.4th 604, 615–616.)

**3.**

Michael failed to demonstrate any probability of prevailing on his libel, negligence, and intentional infliction of emotional distress claims.

12

At the second step, the burden shifts to the plaintiff to demonstrate the claim arising from protected activity has " 'at least "minimal merit." ' " (*Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1009.) Our Supreme Court describes "this second step as a 'summary-judgment-like procedure.' [Citation.] The court does not weigh evidence or resolve conflicting factual claims. Its inquiry is limited to whether the plaintiff has stated a legally sufficient claim and made a prima facie factual showing sufficient to sustain a favorable judgment. It accepts the plaintiff's evidence as true, and evaluates the defendant's showing only to determine if it defeats the plaintiff's claim as a matter of law." (*Baral, supra*, 1 Cal.5th at pp. 384–385, fn. omitted.) A plaintiff must demonstrate that each challenged claim based on protected activity is legally sufficient and factually substantiated with competent and admissible evidence. If not, the claim is stricken. (*Id.* at p. 396; *Thayer, supra,* 207 Cal.App.4th at p. 159.) "A plaintiff cannot establish a prima facie case if the litigation privilege precludes a defendant's liability on the claim." (*Timothy W., supra,* 85 Cal.App.5th at p. 661.)

First, Cho argues that Michael's defamation cause of action lacks minimal merit because he did not present sufficient evidence to meet his burden. She asserts that proof of libel requires, at a minimum, evidence that the defendant failed to exercise reasonable care in determining the truth or falsity of the challenged statements. She also points out that, although Michael made conclusory negligence allegations in his complaint, he did not offer any evidence of Cho's negligence in opposition to her anti-SLAPP motion. We agree, at least in part.

The elements of a defamation claim are (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or that causes special damage. (*Taus v. Loftus* (2007) 40 Cal.4th 683, 720.) Defamation can be of two types, libel or slander. (Civ. Code, § 44.) "Libel is a false and

13

unprivileged publication by writing . . . , which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." (*Id.*, § 45.)

Contrary to Michael's unsupported assertion, liability for libel cannot be imposed without fault. (*Carney v. Santa Cruz Women Against Rape* (1990) 221 Cal.App.3d 1009, 1015.) A private party plaintiff, like Michael, has the burden of proving, at a minimum, that the defendant failed to use reasonable care to determine the falsity of the statement. (*Hecimovich v. Encinal School Parent Teacher Organization* (2012) 203 Cal.App.4th 450, 470; accord, *Comedy III Productions, Inc. v. Gary Saderup, Inc.* (2001) 25 Cal.4th 387, 398.)

In his opposition to Cho's motion below and his respondent's brief, Michael (with one exception) did not even attempt to establish a probability of prevailing on this latter requirement. In his declaration submitted in opposition below, Michael denied ever punching, kicking, choking, raping, or financially abusing S.J. However, other than stating that "[a] simple lien search of our property would have revealed [that there was no second mortgage on the couple's home]," Michael did not present any evidence to support a finding that Cho made the statements in the chargeback rebuttal without exercising reasonable care to determine their truth or falsity. He cannot rely on the allegations of his complaint to demonstrate a probability of success on the merits. (*Thayer, supra,* 207 Cal.App.4th at p. 159.)

Second, Cho's statements in the rebuttal chargeback are also absolutely privileged (Civ. Code, § 47, subd. (b)). This means Michael cannot meet his prong two burden with respect to any of his three causes of action. (See *Dziubla, supra,* 59 Cal.App.5th at p. 155 ["[i]f the privilege applies, it cannot be set aside for any tort claim except malicious prosecution"].)

14

Code of Civil Procedure section 425.16 and Civil Code section 47, subdivision (b), inform one another but are not identical.  (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 322-323.)  "The usual formulation is that the [litigation] privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action."  (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 212.)  " ' "The privilege attaches even though the publication was made outside a courtroom." ' " (*Seltzer, supra*, 182 Cal.App.4th at p. 970.)  The privilege is broad and " '[a]ny doubt as to whether the privilege applies is resolved in favor of applying it.' "  (*Greco v. Greco* (2016) 2 Cal.App.5th 810, 826.)

The final element is the only one challenged here.  "To be privileged under [Civil Code] section 47, a statement must be 'reasonably relevant' to pending or contemplated litigation."  (*Neville, supra*, 160 Cal.App.4th at p. 1266, italics omitted.)  In other words, the statement must " 'not be extraneous to the action.' "  (*Action Apartment Assn., Inc. v. City of Santa Monica* (2007) 41 Cal.4th 1232, 1251; see *Nguyen v. Proton Technology Corp.* (1999) 69 Cal.App.4th 140, 143-144, 151 ["any 'connection' between [a purported domestic violence] conviction and the civil unfair competition focus of [the attorney's] demand letter is . . . tenuous"].)

Michael contends Cho's statements are not covered by the litigation privilege because she made them to third-party Chase Bank.  However, the privilege, like the protection afforded by the anti-SLAPP statute, is not restricted to statements made between the parties to a lawsuit.  (*Adams v. Superior Court* (1992) 2 Cal.App.4th 521, 529; see *id*. at p. 530.)  The litigation privilege is broad enough to include "publication to nonparties with a substantial interest in the proceeding."  (*Susan A. v.*

*County of Sonoma* (1991) 2 Cal.App.4th 88, 94; see also *Healy v. Tuscany Hills Landscape & Recreation Corp.* (2006) 137 Cal.App.4th 1, 4-6.)  It does not apply "where publication is to persons in no way connected with the proceeding." (*Susan A.,* at p. 93 [statements to press].)

Here, the litigation privilege applies because Cho's chargeback rebuttal statements were made in connection with judicial proceedings (i.e., the dissolution and DVRO proceedings) by S.J.'s attorney with the aim of achieving S.J.'s litigation objectives (continued representation so that S.J. might obtain relief).  For the same reasons stated above, the statements were reasonably related to the actions and were made to nonparties with a substantial interest in the litigation.  Unlike the statements in *Nguyen v. Proton Technology Corp., supra*, 69 Cal.App.4th at pages 143-144, 149, 152, the chargeback rebuttal contained *no* factual statements that were extraneous to the DVRO petition and dissolution action.

Accordingly, all of Michael's tort claims are barred under the litigation privilege and Cho's motion to strike should have been granted.  (See *Timothy W., supra*, 85 Cal.App.5th at pp. 662-663; *Dziubla, supra*, 59 Cal.App.5th at pp. 154-157.)

### DISPOSITION

The order denying Cho's special motion to strike is reversed.  The matter is remanded to the trial court with instructions to enter an order granting the motion.  Cho is entitled to her costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)

BURNS, J.

WE CONCUR:

SIMONS, ACTING P. J.
CHOU, J.

*Michael V. K. v. Cho (A169917)*

16

**CERTIFIED FOR PARTIAL PUBLICATION***

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| MICHAEL K., | A169917 |
|     Plaintiff and Respondent, | |
| v. | (Alameda County |
| JANICE CHO, | Super. Ct. No. 23CV038554) |
|     Defendant and Appellant. | **ORDER CERTIFYING OPINION FOR PARTIAL PUBLICATION AND MODIFYING OPINION [NO CHANGE IN JUDGMENT]** |

**THE COURT:**

The opinion in the above-entitled matter, filed on July 10, 2025, was not certified for publication in the Official Reports. On July 22, 2025, a request for publication was received from the Association of Certified Family Law Specialists, pursuant to California Rules of Court, rule 8.1120(a). We accepted the request for publication for filing.

For good causing appearing, this court grants the publication request and orders the opinion certified for publication, with the exception of Discussion section B.3, pursuant to California Rules of Court, rules 8.1105(b), (c) and 8.1110.

_____

**\*** Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of Discussion section B.3.

1

Pursuant to California Rules of Court, rule 8.264(c)(1), the opinion filed on July 10, 2025, shall be MODIFIED as follows:

1.      In the first paragraph of the opinion, the sixth sentence is replaced with two new sentences, as follows:

> In the published portion of this opinion, we agree with Cho that the trial court incorrectly determined that Michael's claims do not arise out of litigation activity protected by the anti-SLAPP statute. In the unpublished portion of this opinion, we conclude Michael failed to carry his burden to show his claims have minimal merit.

2.      On page nine, in the last paragraph on that page which continues into page 10, add an "a" between "accusing" and "competitor" in the first sentence.

3.      On page 12, a new paragraph is inserted between the first and second full paragraphs on that page, as follows:

> Arguably, one could question whether Chase had an interest in knowing the (rather inflammatory) underlying allegations that Cho provided. Here, however, Michael claimed the charges were "excessive or duplicative." By describing the underlying allegations, Cho showed that the charges were justified because the litigation presented numerous, complex, and contentious issues. This was not a simple dissolution case. Michael does not propose any persuasive reason to draw a line here. Under these facts, Chase had an interest in the litigation and its underlying allegations.

The modifications make no change to the judgment.

2

                                                                        BURNS, J.

WE CONCUR:


SIMONS, ACTING P.J.
CHOU, J.

*Michael V. K. v. Cho (A169917)*

3

Alameda County Superior Court, Case No. 23CV038554, Hon. Eumi K. Lee, Judge.

Lewis Brisbois Bisgaard & Smith LLP, Raul L. Martinez, Alex A. Graft and Kristin C. Choi, for Defendant and Appellant.

Law Offices of Edward C. Casey Jr., Edward C. Casey Jr., for Plaintiff and Respondent.